ACTION PERFORMANCE
COMPANIES, INC., et
al.

v.

Jeff BOHBOT, et al.;  and
related counterclaims

No. CV 05–4458 JFW(RCX).

United States District Court,
C.D. California.

March 15, 2006.

George M. Belfield, Jordan D. Grotzinger, Greenberg Traurig, Santa Monica, CA, Richard H. Hikida, Greenberg Traurig, Costa Meza, CA, for Plaintiffs.

Jeff Bohbot, pro se.

Jeff Hamilton Industries Inc., pro se.

Mercedes Bohbot, pro se.

Lauren Sudar, Marshall B. Grossman, Alschuler, Grossman, Stein and Kahan, Santa Monica, CA, for Counter Claimants.

CHAPMAN, United States Magistrate Judge.

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO ESTABLISH CRIME–FRAUD EXCEPTION TO ATTORNEY–CLIENT PRIVILEGE**

On February 14, 2006, plaintiffs filed a notice of motion and motion to establish the crime-fraud exception to the attorney-client privilege and the supporting declarations of David Martin and George M. Belfield, with exhibits. On February 22, 2006, defendant Jeff Bohbot, proceeding pro se, filed an opposition to the motion.[1] On March 1, 2006, plaintiffs filed their reply. This matter is decided in Chambers, without oral argument, pursuant to Local Rule 7–15.

## BACKGROUND

On July 7, 2005, plaintiffs Action Performance Companies, Inc. and Jeff Hamilton Collection, Inc., Arizona corporations, filed their First Amended Complaint, which is pending. In the First Amended Complaint ("FAC"), plaintiffs have sued defendants Jeff Bohbot, aka Jeff Hamilton, Jeff Hamilton Industries, Inc., a California corporation, and Mercedes Bohbot (collectively "Bohbot defendants"), as well as defendants Rami Karim, and Why Not, Inc. dba Not Why, a California corporation, raising the following causes of action: (1) intentional misrepresentation (Cal.Civ. C. § 1710(1)); (2) negligent misrepresenta-

tion (Civ. C. § 1710(2)); (3) fraud and deceit or concealment of material fact (Civ. C. § 1710(3)); (4) breach of fiduciary duty; (5) breach of asset purchase agreement and trademark purchase agreement; (6) breach of employment agreement; (7) unfair competition (Cal. Bus. & Prof.Code §§ 17200 et seq.); (8) fraud re pricing of goods; (9) breach of contract; (10) an accounting; and (11) declaratory relief. In addition to an accounting and declaratory relief, plaintiffs seek compensatory damages, disgorgement, punitive damages, and attorney's fees and costs.

The gravamen of plaintiffs' complaint is that on September 10, 2002, plaintiffs entered into an asset purchase agreement and a trademark purchase agreement with Bohbot defendants and, in entering into those agreements, Bohbot defendants defrauded plaintiffs by:

> fail[ing] to disclose to [plaintiffs] a material critical fact—that the California Court of Appeals [sic] had 10 months earlier in an unpublished decision found that Jeff [Bohbot] had committed extrinsic fraud in his divorce proceedings by failing to disclose to his ex-wife the Jeff Hamilton Trademarks as community property assets, and furthered [sic] ordered that the Jeff Hamilton Trademarks were to be revalued and redistributed between Jeff and his ex-wife. Indeed, Jeff to the contrary made patently false written warranties and representations that the Jeff Hamilton Trademarks were not subject to any ownership claims or litigation that, if decided adversely, would affect title to the trademarks—when in fact his ex-

---

1. There is also a pending companion case to this matter: *Action Performance Companies, Inc., et al. v. Jeffrey F. Gersh, et al.,* case no. CV 05–6654–JFW(RCx). The defendants in that matter, Zimmerman, Rosenfeld, Gersh & Leeds and Jeffrey F. Gersh, filed a statement in opposition to plaintiffs' motion, a request for judicial notice, and the declaration of Michael W. Feenberg, with exhibits.

wife already had obtained a Court of Appeal decision precisely to that effect. FAC ¶ 13.[2] Plaintiffs further allege that defendant Bohbot:

> then breached his fiduciary duties to [plaintiffs], and committed mail and wire fraud, by entering into a conspiracy and fraudulent criminal scheme with defendants Rami Karim and his company Why Not, Inc, dba Not Why. [Plaintiffs] are informed and believe ... that Rami and Jeff agreed that Rami would pay Jeff illegal kickbacks amounting to over $2.5 million in exchange for Jeff directing purchases of Jeff Hamilton trademarked goods to Rami and his Chinese suppliers at inflated, above-market, prices that covered the $2.5 million in kickbacks to Jeff.

FAC, ¶ 14.

On November 3, 2005, Bohbot defendants filed a First Amended Answer to plaintiffs' First Amended Complaint, raised several affirmative defenses and made seven counterclaims, including a claim for wrongful termination. On December 5, 2005, plaintiffs answered the First Amended Counterclaims. On February 28, 2006, District Judge John F. Walter denied plaintiffs' motion for partial summary judgment regarding defendants' affirmative defenses of unclean hands and equitable estoppel, finding "there are genuine issues of material fact with respect to Defendants' affirmative defenses of unclean hands and equitable estoppel."

## DISCUSSION

■ In a federal action based on diversity jurisdiction, such as this, state law governs claims of privilege. Fed.R.Evid. 501; *Star Editorial, Inc. v. United States District Court for the Central District of California (Dangerfield),* 7 F.3d 856, 859 (9th Cir.1993); *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 284 (C.D.Cal. 1998). Under California law, the attorney-client privilege attaches to confidential communications between a client and his attorney during the course of the attorney-client relationship. Cal. Evid.Code § 952; *Roberts v. City of Palmdale,* 5 Cal.4th 363, 371, 20 Cal.Rptr.2d 330, 333–34, 853 P.2d 496 (1993); *Southern California Gas Co. v. Public Utilities Comm'n,* 50 Cal.3d 31, 37, 265 Cal.Rptr. 801, 803, 784 P.2d 1373 (1990). The party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege. *Wellpoint Health Networks, Inc. v. Superior Court,* 59 Cal.App.4th 110, 123, 68 Cal.Rptr.2d 844 (1997); *State Farm Fire & Cas. Co. v. Superior Court,* 54 Cal.App.4th 625, 639, 62 Cal.Rptr.2d 834 (1997). However, once an attorney-client relationship has been established, communications between attorney and client are presumed to be in confidence, and an opposing party bears the burden of proving the communication was not in confidence. Cal. Evid.Code § 917; *State Farm Fire & Cas. Co.,* 54 Cal.App.4th at 639, 62 Cal.Rptr.2d 834.

■ "California evidence law recognizes the crime-fraud exception to the attorney-client privilege." *United States v. Martin,* 278 F.3d 988, 1000 n. 3 (9th Cir. 2002); *National Football League Props., Inc. v. Superior Court,* 65 Cal.App.4th 100, 108, 75 Cal.Rptr.2d 893 (1998). Specifically, California Evidence Code § 956 provides an exception to the attorney-client privilege "if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud." Cal. Evid.Code § 956. "The word 'fraud' in this exception to the

---

2. At the request of the parties, the Court takes judicial notice under Fed.R.Evid. 201 of the California Court of Appeal's unpublished opinion in *In re Marriage of Monique and Jeff Bohbot,* 2001 WL 1471725 (Cal.App. 2 Dist. 2001).

privilege includes civil fraud." *Freedom Trust v. Chubb Group of Ins. Cos.*, 38 F.Supp.2d 1170, 1171 (C.D.Cal.1999); *Dickerson v. Superior Court*, 135 Cal. App.3d 93, 100–01, 185 Cal.Rptr. 97 (1982). Moreover, under Evidence Code § 956, "the lawyer does not have to be aware of the fraud for the crime-fraud exception to apply. Instead, the application of [Evid. C.] § 956 turns on the client's intent." *State Farm Fire & Cas. Co.*, 54 Cal. App.4th at 645, 62 Cal.Rptr.2d 834.

■ The crime-fraud exception is "a very limited exception to the [attorney-client] privilege" and the *"proponent* of the exception bears the burden of proof of the existence of crime or fraud." *Geilim v. Superior Court*, 234 Cal.App.3d 166, 174, 285 Cal.Rptr. 602 (1991) (emphasis in original); *Cunningham v. Connecticut Mut. Life Ins.*, 845 F.Supp. 1403, 1412 (S.D.Cal. 1994). "To trigger the crime-fraud exception, a party must make a prima facie showing that the communication at issue furthered a crime or fraud." *Freedom Trust*, 38 F.Supp.2d at 1171; *State Farm Fire & Cas. Co.*, 54 Cal.App.4th at 643, 62 Cal.Rptr.2d 834. "Mere assertion of fraud is insufficient; there must be a showing the fraud has some foundation in fact." *BP Alaska Exploration, Inc. v. Superior Court*, 199 Cal.App.3d 1240, 1262, 245 Cal. Rptr. 682 (1988); *Dickerson*, 135 Cal. App.3d at 100–01, 185 Cal.Rptr. 97. "A prima facie case is 'one which will suffice for proof of a particular fact unless contradicted and overcome by other evidence. In other words, evidence from which reasonable inferences can be drawn to establish the fact asserted, i.e., the fraud.'" *Freedom Trust*, 38 F.Supp.2d at 1171 (citations omitted); *BP Alaska Exploration, Inc.*, 199 Cal.App.3d at 1262, 245 Cal.Rptr. 682. Since the crime-fraud exception applies where "an attorney's services are sought to enable a party to plan to commit a fraud, the proponent of the exception need only ... prove a false representation

of material fact, knowledge of its falsity, intent to deceive and the right to rely [on the representation]." *BP Alaska Exploration, Inc.*, 199 Cal.App.3d at 1263, 245 Cal.Rptr. 682; *Cunningham*, 845 F.Supp. at 1412. "[T]he [proponent] must also establish a reasonable relationship between the fraud and the attorney-client communication." *Cunningham*, 845 F.Supp. at 1412; *BP Alaska Exploration, Inc.*, 199 Cal.App.3d at 1268, 245 Cal.Rptr. 682.

■ Here, in an end-run around moving for summary judgment, plaintiffs want this Court to find that the crime-fraud exception applies so plaintiffs can discover all communications between Bohbot defendants and their counsel relating to the asset and trademark sales by Bohbot defendants to plaintiffs. More specifically, plaintiffs contend they have made a prima facie case of fraud by showing: (1) Bohbot defendants and their attorney, Jeffrey F. Gersh, intentionally failed to disclose to plaintiffs the California Court of Appeal's decision setting aside on extrinsic fraud grounds the marital settlement agreement between defendant Bohbot and his ex-wife, Monique Foerster; and (2) defendant Bohbot's ex-wife claimed 50% or 100% ownership of the trademarks defendant Bohbot sold to plaintiffs. Plaintiffs further argue that the attorney-client communications they seek are reasonably related to the alleged fraud because Gersh represented defendant Bohbot before the California Court of Appeal in the divorce matter and also represented Bohbot defendants in the asset and trademark sales to plaintiffs.

There is no merit to plaintiffs' motion. Rather, the Court finds plaintiffs have not established a prima facie case of fraud to trigger the crime-fraud exception. Here, both the asset purchase agreement and the trademark purchase agreement between plaintiffs and Bohbot defendants specifically provided that the representations and warranties by Bohbot defendants were

limited, as set forth in Bohbot defendants' or "Seller's Disclosure Schedule." Martin Decl., ¶¶ 5, 7, 9, Exh. A at 34–38, 108–109. Thus, all of Bohbot defendants' representations and warranties were limited by the following:

> *Except as otherwise set forth in the Seller Disclosure Schedule* heretofore delivered by Seller to and acknowledged as received by buyer, . . .

*Id.* (emphasis added). Moreover, in the Seller Disclosure Schedule attached to the asset purchase agreement, section 3.1(k) (regarding litigation), Bohbot defendants listed five legal actions, including:

> In re Marriage of Bohbot—Los Angeles Superior Court, Case No. D 215 047—Former wife of Jeff Bohbot is seeking to reallocate the community property of the parties which assets and liabilities were previously divided pursuant to a judgment of dissolution entered approximately 12 years ago. Mercedes Bohbot has been joined in the action. Jeff Bohbot and Mercedes Bohbot intend to vigorously defend the action.

*Id.* at 56. Similarly, in the Seller Disclosure Schedule attached to the trademark purchase agreement, section 3.1 (regarding litigation), Bohbot defendants stated:

> Monique Foerster, ex-wife of Jeff Bohbot a.k.a. Jeff Hamilton, has recently brought an action relating to the division of assets and liabilities which were originally divided pursuant to a judgment of dissolution of marriage, and entered 12 years ago. Mercedes and Jeff are vigorously defending the action, and are of

the position that nothing whatsoever is owed Monique. Los Angeles Superior Court, Case # D 215 047.

*Id.*, at 120.

Thus, Bohbot defendants did not conceal a material fact, i.e., the litigation between defendant Bohbot and his ex-wife regarding their assets; rather, Bohbot defendants specifically noted defendant Bohbot's ex-wife was making a community property claim on his assets. Here, Bohbot defendants twice disclosed to plaintiffs the existence of litigation that might effect the assets and trademarks plaintiffs were purchasing from them, and even identified the Superior Court where the litigation was pending and the action's case number.[3] As such, plaintiffs have not shown fraud or a misrepresentation of a material fact by Bohbot defendants, and plaintiffs have not met their burden of demonstrating a prima facie case for the application of the crime-fraud exception. *Massachusetts Mut. Life Ins. Co. v. Cerf,* 177 F.R.D. 472, 480–81 (N.D.Cal.1998); *National Football League Props., Inc.,* 75 Cal.Rptr.2d at 899–900. Therefore, plaintiffs' motion to establish the crime-fraud exception to the attorney-client privilege must be denied.

### ORDER

Plaintiffs' motion to establish the crime-fraud exception to the attorney-client privilege is denied.

---

**3.** Nevertheless, plaintiffs make much of the fact that Bohbot defendants did not cite the California Court of Appeal's decision of November 20, 2001, and argue that this failure is sufficient to invoke the crime-fraud exception. That is not so. The California Court of Appeal remanded the matter to the Los Angeles County Superior Court, and Bohbot defendants provided that case name and number to plaintiffs. Thus, Bohbot defendants provided plaintiffs with sufficient information to put plaintiffs on notice of the existence of the lawsuit between defendant Bohbot and his ex-wife and its implications. Given this information, it would have been a simple (and certainly prudent) matter to research the status of the Superior Court litigation and ascertain its potential effect on the transactions between plaintiffs and Bohbot defendants.